(No. 26199.—

THE PEORIA AND EASTERN RAILWAY COMPANY, Appellee,
*vs.* WARREN WRIGHT, State Treasurer, *et al.* Appellants.

*Opinion filed Sept. 17, 1941—Rehearing denied November 18, 1941.*

GEORGE F. BARRETT, Attorney General, for appellants.

S. C. MURRAY, and GILLESPIE, BURKE & GILLESPIE, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Peoria and Eastern Railway Company, appellee, filed an injunction proceeding in the circuit court of Sangamon county against appellants, Warren Wright and Edward J. Hughes, as treasurer and secretary, respectively, of the State of Illinois. The object of the suit was to prevent them from paying into the general fund of the

treasury of the State certain fees paid the Secretary of State under protest for the extension of the railway company's charter. A temporary injunction was granted. Appellants filed a motion to dismiss, which was overruled by the court. Appellants were ordered to plead, but elected to stand by their motion, upon which a decree was entered by the court in favor of appellee, permanently enjoining appellants from transferring said funds into the treasury of the State, and further ordering a return of said sums to appellee. The appeal comes directly to this court, as the revenue is involved.

The appellee is a railroad corporation organized on February 20, 1890, under the laws relating to incorporation of railroads (Ill. Rev. Stat. 1939, chap. 114) and by its articles of incorporation its duration was to be fifty years. On February 15, 1940, appellee tendered the Secretary of State, as provided by section 5 of said Railroads statute, the proper certificates showing the adoption of a resolution for a renewal of its corporate existence for an additional period of fifty years, and also tendered a filing fee of $20 prescribed by the Business Corporations act, (Ill. Rev. Stat. 1939, chap. 32, par. 157.127,) which, it contended, was the only fee required to be paid by a railroad company extending its corporate duration under section 5 of the Railroads act. It also tendered a recording fee of $3.50. The Secretary of State refused to file and record said certificate until the appellee paid an additional sum of $4997.50 as a license fee provided by the language of section 5 of the Railroads act. The appellee thereupon paid the Secretary of State the sum of $5021 which was made up of the license fee demanded by the Secretary of State, the filing fee of $20 and the recording fee of $3.50. Of this sum $4997.50 was paid under protest and the Secretary of State issued his receipt acknowledging the protest payment. The injunction decreed in this case affected the $4997.50 license fee.

The sole question for determination is whether the fees payable for the extension of duration of a railroad corporation are governed by section 5 of the Railroads act, *supra,* or by the provisions of the Business Corporations act.

The Railroads act was enacted in 1872. Section 5 provided that the duration of the charter of a railroad company should be fifty years, but that it might be renewed from time to time for periods not longer than fifty years, upon compliance with certain conditions. At the time of the enactment of this statute the fees payable were governed by the Fees and Salaries act. (Ill. Rev. Stat. 1939, chap. 53.) In 1913, section 5 of the Railroads act was amended (Laws of 1913, p. 507) by providing for the payment of the same fees for an extension of charter as is provided for the incorporation of a new company. There has been no change in section 5 of the Railroads act since 1913, unless it is deemed to have been repealed by the provisions of the general Corporations act.

The general Corporations act was enacted in 1872, and provided that a corporation could be chartered for a period · of not to exceed ninety-nine years. The fees for incorporation were governed by the Fees and Salaries statute. In 1911, a statute was enacted providing that any corporation existing by virtue of any general law of the State for less than ninety-nine years might extend the term of its existence for a period of not to exceed ninety-nine years from the date of the original incorporation, and provided in such event for the payment of the same fees as is provided for the incorporation of a new company. In 1919, a new Corporations statute was enacted which was a complete revision of the corporation laws. (Laws of 1919, p. 313.) Section 97(5) of this act provided that the Secretary of State should charge the same fees for filing the certificate of extension of corporate existence as are required for the organization of a new company. Section 96 provided

each *"public utility"* shall pay to the Secretary of State the same fees as are required to be paid by other corporations. Section 2 permitted organization of corporations under the act for any lawful purpose except "the operation of railroads." The fees to be paid to the Secretary of State for incorporation were governed by section 96 of the act.

In 1933, the Business Corporations act was enacted by the legislature (Laws of 1933, p. 308) which repealed the general Corporations act of 1919. Section 47 of this act provides that the duration of a business corporation may be perpetual, and section 52 provides for the amendment of the articles of incorporation to change the period of duration. There is no provision contained in this statute for the payment of fees for extending the duration of the corporate existence, although the other fees and charges to be collected by the Secretary of State, including the initial fee, are itemized.

The contention made by appellants is that a domestic railroad company can only extend its charter under the authority of section 5 of the Railroads act; that this act requires the payment of the same fees as a new corporation, and that the amount of the fees for a new corporation is fixed by the Business Corporations act without affecting the provisions for extension of duration under the Railroads act. Appellee claims that section 5 of the Railroads act was repealed by the general Corporations act of 1919 because it required public utilities to pay the same fees as other corporations, and that the enactment of the Business Corporations act of 1933, repealing the 1919 act, left the Business Corporations act the only statutory authority under which fees for the extension of corporate duration could be fixed, and, therefore, since the Business Corporations act makes no provision for paying fees for extending the duration of a railroad charter, it necessarily follows that section 5 of the Railroads act, requiring the payment of

such fees, having been repealed by the act of 1919, it is not revived by the fact the latter act is repealed. If this is true only a filing fee and cost of recording could be exacted.

In order to sustain appellee's claim it is necessary to hold the general Corporations act of 1919 repealed all of the provisions for the payment of fees for extending corporate duration fixed in the 1913 amendment to section 5 of the Railroads statute. We are not convinced that such was the effect because of certain exceptions contained in the general Corporations act of 1919. Those exceptions are as follows: Section 20 excluded railroad corporations from being incorporated under it; section 138, which gave corporations organized before its enactment under a special or general law all of the rights and privileges provided for in the act, excluded railroads; section 142 declared the act could not be construed to relieve or discharge a railroad corporation from "any duty imposed by any statute now or hereafter enacted," and, in section 154, the repealing clause did not include the railroad statute or any section thereof.

The reasoning in the case of *Chicago, Burlington and Quincy Railroad Co.* v. *Doyle,* 258 Ill. 624, cited by appellee, would lead to the conclusion that the Railroads act was not affected by the general Corporations act of 1919. In that case the railroad company, after passing the necessary resolutions, filed them with the Secretary of State, and tendered the fees then in effect for extension of railroad charters. This was in 1911 when there was no provision in the Railroads statute requiring such fees. The amendment of 1911 of the general Corporations act, however, was in effect, and it provided, in such instances, for the same fees to be paid as in the case of a new company. The Secretary of State accordingly demanded such fees. The general Corporations act of 1872 made no reference to railroad corporations other than it should not apply to the "operation of railroads." (Ill. Rev. Stat. 1874, chap. 32,

sec. 1.) The court in that case not only rejected the claim of the Secretary of State, but held that section 5 of the Railroads act referred only to railroad corporations, and the general Corporations act, together with its amendment of 1911, applied to business corporations, saying: "We see nothing in said act of June 9, 1911, [Corporations act] that leads to the conclusion that that act was intended to apply to railroads, and certainly nothing in the proviso in section 5 of the act of June 7, 1911, [Railroads act] or anything else in said section would tend to lead to that conclusion. On the contrary, considering the two acts together, it is evident that the legislature intended them to be independent of each other, the first referring only to railroad corporations."

When the Railroads act was amended in 1913 it had a requirement for the payment of the same fees for extension as for the initial incorporation, and later, in 1919, the general Corporations act was revised containing therein the same provision for the fees payable upon extension of a corporate charter that were required by the amendment to the general Corporations act in 1911, and at the same time contained the numerous sections excluding railroad corporations from its operation. It is difficult to follow the argument that section 5, *supra,* was repealed, in part, after it was amended to require the payment of fees, in view of the fact we have held it was not repealed at a time no such fees were required. The general Corporations act and the Railroads act remained independent statutes.

There is, however, another sufficient reason why section 5, *supra,* in its present form, applies to the fees required to be paid by appellee. It is not contended that the general Corporations act of 1919 removed all cases from under the operation of the Railroads act, nor is it contended that the general Corporations act of 1919 repealed all of the provisions of section 5, *supra.* It is only contended that it repealed the provisions with respect to fees

for extension of corporate duration. In *Chicago, Burlington and Quincy Railroad Co.* v. *Doyle, supra,* numerous reasons are pointed out why the Railroads statute and the general Corporations statute are not repugnant to each other, among which is the fact it is necessary for appellee to rely upon a part of section 5, *supra,* to entitle it to an extension of its charter.

Since the principal contention of appellee is that only a part of section 5, *supra,* is repealed by the general Corporations act of 1919, viz., the part pertaining to the payment of corporate fees, and the act of 1919 has been completely repealed by the Business Corporations act of 1933, the principle laid down in *People* v. *Sweitzer,* 266 Ill. 459, must be applied. In that case it was held that where a later statute does not entirely abrogate a former act, but merely withdraws from the operation of the earlier act a portion of the cases included within its terms, leaving the earlier act still in force except as to the cases specifically provided in the latter act, under such circumstances the repeal of the later act has the effect of again bringing the cases provided for by it under the operation of the original act, notwithstanding the provisions of the act relating to statutes. (Ill. Rev. Stat. 1939, chap. 131, sec. 3.) This case was followed in *People* v. *National Life Ins. Co.* 367 Ill. 35, and *People* v. *Mack,* id. 481. In the last mentioned case, referring to the *Sweitzer case,* this court said: "In this last cited case we held that it is only in cases where a statute is expressly repealed, or where all cases are removed from under its operation, and the statute is thereby entirely abrogated by a later act, that the former act is repealed by the later one." This rule has, therefore, been firmly established.

Neither party contends that section 5 of the Railroads act is expressly repealed, nor does either party claim that all cases coming within the provisions of section 5 of the

Railroads act are removed from its operation, so that such section is entirely abrogated. In such event, even though it might be held the general Corporations act of 1919 did, by implication, partially repeal section 5 of the Railroads act, nevertheless, under the cases cited, the Business Corporations act of 1933, containing no similar provisions, had the effect of reviving such section in its entirety.

In this connection the Business Corporations act of 1933 specifies the particular sections of the act which are applicable to railroads. Section 52 of this act contains the provisions for the change of the period of duration of a business corporation, and is also one of the sections not included in those applying to railroads. It is clearly excluded by the enumeration of certain other numbered sections mentioned in section 158 of the Business Corporations act.

As section 5 of the Railroads act, as amended in 1913, has clearly been revived if it ever was partially repealed by implication, and as there is no provision in the present Business Corporations act applying to fees payable to the Secretary of State for extending the duration of the railroad corporation's charter, it necessarily follows that the Secretary of State has a right to exact from a railroad corporation the payment of the same fees for the renewal of its charter as such railroad company would be required to pay for the incorporation of a new company.

The circuit court of Sangamon county should have sustained the motion of appellants to dismiss the complaint. The decree of the circuit court is reversed and the cause is remanded, with directions to sustain the motion and dismiss the complaint. *Reversed and remanded.*