STATE of Missouri (Plaintiff), Respondent,

v.

George L. CHADEAYNE (Defendant), Appellant.

No. 30017.

St. Louis Court of Appeals. Missouri.

June 3, 1958.

Motion for Rehearing or Transfer to Supreme Court Denied July 1, 1958.

Rosenblum & Goldenhersh, Merle L. Silverstein, Robert Goldenhersh, St. Louis, for appellant.

William J. Geekie, Pros. Atty., St. Louis, Court of Criminal Correction, Robert Van Dillen, Asst. Pros. Atty., St. Louis, for respondent.

HOUSER, Commissioner.

The Prosecuting Attorney of the City of St. Louis filed an information charging George L. Chadeayne with operating a tractor-trailer in the city in violation of the gross weight limitations of section 304.180, Laws 1957, p. 624, V.A.M.S. Tried without a jury defendant was found guilty by the St. Louis Court of Criminal Correction, Division 1, and fined $100. On appeal defendant contends that the court erred in overruling his motion for judgment of acquittal; that the evidence is insufficient to sustain a conviction under section 304.180, supra, because the weight limitations of that section have no application to vehicles operating exclusively in cities of 75,000 or more

inhabitants; that section 304.190, Laws 1957, p. 624, a special statute, exclusively establishes and controls weight limitations on motor vehicles operating exclusively in such cities. Under the admitted facts defendant, while operating a combination of vehicles used exclusively in the area of metropolitan St. Louis, violated the gross weight limitations imposed by section 304.180, supra, but did not violate the weight limitation of section 304.190, supra, on number of pounds per axle.

■ Our task is to determine whether the gross weight limitations of section 304.-180 [1] apply or whether this case is governed by section 304.190, which contains no gross weight limitations and which imposes weight limitations only upon number of pounds per axle. Sections 304.180 and 304.190 relate to the same subject, are in pari materia, and must be construed together. The rule of construing statutes in pari materia is especially applicable where, as here, the two statutes are enacted at the same session of the General Assembly. Meaning and effect must be given to each clause and provision and both sections upheld and given force and effect if reasonably possible to do so. Powers v. Johnson, Mo.App., 306 S.W.2d 616. Where one statute deals with a subject in general and comprehensive terms and another deals with the same subject in a more minute and definite way the two should be read as together constituting one law and harmonized if possible, in order to give effect to a consistent legislative policy, Layson v. Jackson County, 365 Mo. 905, 290 S.W.2d 109, and cases cited; State ex rel. Columbia National Bank of Kansas City v. Davis, Mo.Sup., 314 Mo. 373, 284 S.W. 464, the specific prevailing over the general in the event of repugnancy between them. Bauer v. City of Berkeley, Mo.App., 282 S.W.2d 154, and cases cited loc. cit. 161. To ascertain the legislative intent we can and should trace the historical development of the legislation, considering all changes and modifications of legislative policy from time to time, and related statutes. State ex rel. Smith v. Atterbury, 364 Mo. 963, 270 S.W.2d 399; 82 C.J.S. Statutes § 366, p. 808.

■ Legislative limitation upon the dimensions and gross weight of motor vehicles operated on the highways of this state and the number of pounds to be tolerated on one axle or per inch of tire width was first imposed by Laws 1921, First Extra Session, p. 76, § 20. Said § 20 prohibited operation upon the highways of motor vehicles which, including load, exceeded 108 inches in width, 15 feet in height, and 30 feet in length for a single vehicle, or 85 feet in length for a combination of vehicles, coupled together, and prohibited a gross weight which, including load, exceeded 28,000 pounds for a single vehicle, or 42,000 pounds for a combination of vehicles, coupled together, and prohibited a greater weight than 22,400 pounds on one axle, or a load of 800 pounds per inch width of tire. Said § 20 applied indiscriminately to all motor vehicles upon all highways of the state. The Act included public streets in any municipality within its definition of "highway."

Laws 1925, p. 295, repealed said § 20 and enacted a new dimension and weight law reducing the maximum allowable limits as follows: from 108 inches width to 96; from 15 feet height to 12½; from 85 feet length to 60; from 28,000 pounds to 24,000; from 42,000 pounds to 38,000; from 22,400 pounds to 16,000, and from 800 pounds to 600. Section 3 of that Act excluded from its application motor vehicles operating exclusively within the corporate limits of cities of 75,000 or more inhabitants and provided that the maximum dimensions and gross weight of such motor vehicles not exceed the limits prescribed by Laws 1921, First Extra Session, p. 76, § 20.

Laws 1931, p. 265, increased the permissible length of single motor vehicles not op-

<hr>

1. All section references are to Laws 1957, p. 624, unless otherwise indicated.

erating exclusively within the corporate limits of cities of 75,000 or more inhabitants from 30 to 33 feet. This was increased from 33 to 35 feet by Laws 1943, p. 663. The permissible length of combinations of vehicles, coupled together, not operating exclusively in cities of 75,000 or more inhabitants, was reduced from 60 to 40 feet by Laws 1931, p. 265, and increased from 40 to 45 feet by Laws 1943, p. 663, § 8405, and from 45 to 50 feet by Laws 1957, p. 624, S.B. No. 151, § 1. By Laws 1933, p. 283, the area of exclusive operation was extended from the corporate limits of cities of 75,000 or more inhabitants to include an area within two miles thereof.

The limitations upon the width, height and length of motor vehicles operating exclusively within cities of 75,000 or more inhabitants (plus the two-mile limit after 1933) remained the same from 1925 to 1951. By Laws 1951, p. 695, § 304.190, p. 706, the permissible length of such motor vehicles exclusively used in such restricted areas was increased from 30 to 35 feet for single vehicles, and decreased from 85 to 45 feet in the case of vehicles in combination, coupled together. By Laws 1957, p. 624, S.B. No. 151, § 1, the permissible length of such motor vehicles in combination, coupled together, was increased from 45 to 50 feet.

The general limitation upon gross weight of single motor vehicles remained at 24,000 pounds and combination of vehicles at 38,000 pounds from 1925 until 1943, when the General Assembly substituted a word formula therefor. Laws 1943, p. 663, § 8406. This formula was retained and appears in the 1949 revision of the statutes, section 304.180. The gross weight limitations applicable to motor vehicles operating exclusively in the area of cities of 75,000 or more inhabitants (28,000 pounds single, 42,000 pounds combination) were not disturbed by the 1943 Act. Sections 304.-180 and 304.190 RSMo 1949 were repealed by Laws 1951, p. 695, and new sections with the same numbers were enacted in lieu

thereof. New section 304.180 provided a general limitation on pounds per axle and, subject thereto, a limitation upon total gross weight based upon a new method of computation called the Bridge Law Tables, whereby the maximum load in pounds on group of axles was based upon the distance in feet between the first and last axles of a group. The range was a maximum load of 32,000 pounds where the distance was 4 feet to 60,010 pounds where the distance was 39 feet or over. Laws 1951, p. 695, § 304.190, for the first time since the enactment of Laws 1921, First Extra Session, p. 76, § 20, in prescribing limitations upon the dimensions and weight of motor vehicles operating exclusively within or within two miles of the corporate limits of cities of 75,000 or more inhabitants, failed and omitted to incorporate in section 304.190 thereof any regulation whatever on gross weight. Insofar as weight was concerned said section 304.190 regulated only the weight on pounds on one axle (keeping it at 22,400 pounds, which it had been since 1921). By Laws 1953, p. 569, the general law regulating dimensions of motor vehicles was repealed and a new section enacted in lieu thereof imposing the same limitations on dimensions, except that a new, special provision was made for "a bus or trackless trolley coach," which was permitted a maximum length of 40 feet in contrast to the 35 feet allowed other motor vehicles.

In this background Laws 1957, p. 624, S. B. No. 151, § 1 (the law upon which the instant prosecution is based) was passed. It repealed sections 304.170, 304.180 and 304.-190 RSMo 1955, Supp. and enacted three new sections in lieu thereof. It amounted to a re-enactment of the existing law, with these changes: the maximum permissible overall length of vehicles in combination, generally *and* in the area of cities of 75,000 or more inhabitants, was increased from 45 to 50 feet. As to weight of motor vehicles generally (section 304.180) the Bridge Law Tables were preserved but the maximum load in pounds on group of axles was

increased to 64,450 where the distance was 45 feet or over. In the case of motor vehicles operating exclusively in the area of cities of 75,000 or more inhabitants (section 304.190) the General Assembly again, as in 1951, failed and omitted to regulate gross weight and confined its regulation to weight on pounds per axle (22,400 pounds).

Recapitulating: In 1921 the General Assembly undertook the initial regulation of the dimensions and weight of motor vehicles, in eight separate categories: width, height, length of single vehicles, length of combination of vehicles coupled together, gross weight of single vehicles, gross weight of combination of vehicles coupled together, pounds on one axle, and pounds per inch width of tire. No distinction was made between the operation of motor vehicles in populous and in less populous areas. A general law was passed. In 1925 some changes were made in the regulations of dimensions and weight, some new provisions were added, and "All laws or parts of laws in conflict with or inconsistent with this act" were repealed. Section 3, Laws 1925, p. 295, provided separate treatment for motor vehicles operated generally in the state from those operated exclusively within the corporate limits of certain cities. Said § 3 constituted an exception to the general statute. It did not expressly or impliedly repeal the general statute. Said § 3 commenced with the language: "The provisions of this act shall not apply to * * *." It set up its own separate set of maximum limits. Thereafter the quoted language was repeated in the statutory predecessors of present section 304.190, in the 1929 (§ 7791) and 1939 (§ 8409) revisions. Although the quoted language was dropped in the 1949 revision and omitted thereafter it is clear that from 1925 to date it has been the consistent legislative intent to except motor vehicles operated exclusively in the area of cities of 75,000 or more inhabitants from the application of the general law but not to repeal the general law regulating such motor vehicles. Acts effecting subsequent changes have

been so worded as to repeal the then-current sections and, at the same time, re-enact pre-existing sections or enact new sections "in lieu thereof." Accordingly, the acts of the General Assembly on this subject subsequent to 1925 (including sections 304.170, 304.180 and 304.190, Laws 1957) all date from the passage of §§ 1, 2 and 3, Laws 1925. They are but continuations of the latter and date from the passage of the first statutes, even though the new sections contain modifications of the repealed sections. State v. Ward, 328 Mo. 658, 40 S.W.2d 1074; 50 Am.Jur., Statutes, § 533.

Said § 3 not having repealed or abrogated the general provisions of §§ 1 and 2, Laws 1925, p. 295, it merely withdrew from the application and operation of the general law a portion of the motor vehicles included in §§ 1 and 2. "Under the established rules of statutory construction where there are two laws relating to the same subject they must be read together and the provisions of the one having a special application to a particular subject will be deemed to be a qualification of, or an exception to, the other act general in its terms." Eagleton v. Murphy, 348 Mo. 949, 156 S.W.2d 683, loc.cit. 685, 138 A.L.R. 749; Veal v. City of St. Louis, Mo.Sup., 289 S.W.2d 7. This exception or withdrawal of this class of motor vehicles from the application of the general law, in all eight categories, persisted until the passage of Laws 1951, p. 695, repealing section 304.190 RSMo 1949, V.A.M.S., and enacting in lieu thereof a new section of the same number, omitting the gross weight limitations on single vehicles, and on combinations of vehicles, and the limitations on pounds per inch width of tire (three categories) on motor vehicles operating exclusively in the area of cities of 75,000 or more inhabitants. At the same session and in the same act (Laws 1951, p. 695, § 304.-180) the General Assembly continued its prior general regulation of the weight of vehicles or combinations of vehicles op-

erated "on any highway[2] in this state" by a pounds per axle limitation and by imposing, for the first time, the new "Bridge Law Tables." The 1957 law carried forward the same system of regulation and the same omissions, with the slight amendments heretofore noted. The action of the General Assembly in repealing, in 1951, the special statute (section 304.190) in the three categories mentioned and in not re-enacting those provisions, and continuing the general regulation of those three categories (section 304.180), bespeaks the legislative intent to repeal those three provisions, State ex rel. Klein v. Hughes, 351 Mo. 651, 173 S.W.2d 877; Belfast Inv. Co. v. Curry, 264 Mo. 483, 175 S.W. 201, and to reinstate the general law (section 304.180) in those three categories. By the repeal of part of an act excepting a particular class of cases from the operation of a previously existing general law, the general statute, which had been in force continuously, then became applicable to all cases, according to its terms. The principle of reinstatement of a general law by the repeal of a restrictive special law excepting a subject or area from the operation of the general law has long been recognized. City of Hannibal v. Guyott, 1853, 18 Mo. 515; 26 Am. & Eng. Ency. of Law (2d Ed.) p. 761; Ex parte Williamson, 1921, 116 Wash. 560, 200 P. 329; Lagoon Jockey Club v. Davis County, 1928, 72 Utah 405, 270 P. 543; Pierce v. Riley, 1937, 21 Cal.App.2d 513, 70 P.2d 206; State ex rel. Holcombe v. Mobile County, 1940, 238 Ala. 656, 193 So. 315; People ex rel. v. Sweitzer, 1915, 266 Ill. 459, 107 N.E. 902; Peoria & Eastern Ry. Co. v. Wright, 1941, 377 Ill. 626, 37 N.E.2d 322; People v. Mitchell, 1946, 27 Cal.2d 678, 166 P.2d 10. It is thus stated in Sutherland, Statutory Construction, 3d Ed., Vol. 1, § 2022, p. 490:

"Where the special statute is but an exception and not a repeal of the general statute, the repeal of the special statute will reinstate the general law which was merely ineffective while the special law was in existence."

And see § 2038, p. 518, of the same work, footnote 4:

"Where a statute has been suspended in part by certain exceptions, the repeal of the exceptions reinstates the original act."

Parenthetically, section 1.150 RSMo 1949, V.A.M.S. which, among other things, provides "When a law repealing a former law, clause or provision shall be itself repealed, it shall not be construed to revive such former law, clause or provision, unless it be otherwise expressly provided * * *" does not affect the situation because § 3, Laws 1925, p. 295, and its legislative descendants, did not *repeal* §§ 1 and 2 of that act. It left them in force, merely excepting certain motor vehicles from their operation. When the exception was taken away by the repeal of section 304.190 RSMo 1949, section 304.180 was to be applied without the exception. See People v. Ely, 71 Cal.App.2d 729, 163 P.2d 453.

Defendant further contends that sections 304.180 and 304.190 are criminal statutes, penal in nature; that they should be construed strictly against the state and that any reasonable doubt as to their applicability should be resolved in favor of defendant. This rule does not justify a construction which is inconsistent with the manifest purpose and intent of the statutes. State v. Schwartzmann Service, 225 Mo. App. 577, 40 S.W.2d 479. We have no doubt that the general gross weight limitations imposed by section 304.180 are now applicable to all motor vehicles, whether operated within or without the corporate limits of cities of 75,000 or more inhabitants. There is no room here for the application of the "reasonable doubt" rule of construction.

2. Defined by section 301.010(6) as "any public thoroughfare for vehicles, including * * * public streets * * * in any municipality."

Accordingly, it is the recommendation of the Commissioner that the judgment of the St. Louis Court of Criminal Correction, Division 1, be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the St. Louis Court of Criminal Correction, Division 1, is, accordingly, affirmed.

RUDDY, P. J., ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.

