STATE of Missouri, Respondent,

v.

George L. CHADEAYNE, Appellant.

No. 47150.

Supreme Court of Missouri,

En Banc.

April 13, 1959.

Rehearing Denied May 11, 1959.

Rosenblum & Goldenhersh, Robert S. Goldenhersh, St. Louis, for appellant.

William J. Geekie, Pros. Atty., Sidney Faber, Asst. Pros. Atty., St. Louis, John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

Orville Richardson, St. Louis, for Motor Carriers Council of St. Louis, Inc., as amicus curiæ.

George A. Spencer, Columbia, for Missouri-Illinois Food Distributors, Inc., Moeller Drayage Co., and Ben R. Schilli, as amici curiæ.

HOLLINGSWORTH, Chief Justice.

Upon trial in the St. Louis Court of Criminal Correction, George L. Chadeayne, appellant herein, was adjudged guilty of operating a tractor-trailer in the City of St. Louis in violation of the gross weight limitations of Laws 1957, p. 624, § 304.180 RSMo 1949, 1957 Supp., V.A.M.S., and sentenced to a fine of $100. On appeal to the St. Louis Court of Appeals, the judgment was affirmed. State v. Chadeayne, 313 S.W.2d 757. Thereafter, on application of appellant, the cause was transferred to this court.

Appellant contends that the trial court erred in not sustaining his motion for a judgment of acquittal because the weight limitations imposed by § 304.180 have no application to motor vehicles operated in a city of more than 75,000 inhabitants; and that the only weight limitation imposed upon motor vehicles operated exclusively within the limits of such cities, and within two miles of the corporate limits thereof, is governed exclusively by § 304.190, which was not violated by appellant. All statutory references herein are to RSMo 1949 and 1957 Supp., V.A.M.S., except when otherwise indicated. The term "highway", as used in the statutes here involved, is defined: "Any public thoroughfare for vehicles, including state roads, county roads and public streets, avenues, boulevards, parkways or alleys in any municipality." Section 301.010(6).

Section 304.170, as amended in 1957, fixes the maximum width, height and length of motor vehicles "operated upon the highways of this state."

Section 304.180, as amended in 1957, provides:

"1. No vehicle or combination of vehicles shall be moved or operated on any highway in this state having a greater weight than sixteen thousand pounds on one axle when the wheels attached to said axle are equipped with high pressure pneumatic, solid rubber or cushioned tires, and no vehicle or combination of vehicles shall be moved or operated on the highways of this state having a greater weight than eighteen thousand pounds on one axle when the wheels attached to said axle

are equipped with low pressure tires, and no vehicle shall be moved or operated on the highways of this state having a load of over six hundred pounds per inch width of tire upon any wheel concentrated on the surface of the highway, the width in the case of rubber tires, both solid and pneumatic, to be measured between the flanges of the rim.

"2. An 'axle load' is defined as the total load transmitted to the road by all wheels whose centers are included between two parallel transverse vertical planes forty inches apart, extending across the full width of the vehicle.

"3. Subject to the limit upon the weight imposed upon the highway through any one axle, the total gross weight with load imposed upon the highway by any one group of two or more consecutive axles of a vehicle or combination of vehicles shall not exceed the gross weight given for the respective distance between the first and last axle of the total group of axles measured longitudinally to the nearest foot as set forth in the following table:" (Here follows a table of maximum weights predicated upon the "axle load" of such vehicles.)

Section 304.190, as amended in 1957, provides:

"1. No motor vehicle operating exclusively within the corporate limits of cities containing seventy-five thousand inhabitants or more or within two miles of the corporate limits of the city shall exceed one hundred eight inches in width, fifteen feet in height, thirty-five feet in length, or fifty feet in length when in combination of such vehicles coupled together including coupling; except that motor vehicles transporting passengers for hire within the corporate limits of cities containing three hundred thousand inhabitants or more may be forty feet in length.

"2. No motor vehicle operating exclusively within any said area shall have a greater weight than twenty-two thousand four hundred pounds on one axle."

The facts are admitted. On September 23, 1957, appellant in the course of his employment as a truck driver for a coal distributor domiciled in the City of St. Louis, a city having more than 75,000 inhabitants, operated the tractor-trailer in question in said city. Its dimensions were 96 inches in width, 5 feet in height, and 31 feet 7 inches in length, and the distance between its axles was 26 feet 6 inches. Its gross weight load was 50,600 pounds, the load distributed over each of the axles being:

| Axle | Load in Pounds on Axles |
| --- | --- |
| Steering Axle | 5,600 |
| Drive Axle | 17,520 |
| Front Axle on rear of trailer | 13,740 |
| Last Axle on rear of trailer | 13,740 |

Concededly, appellant, on the date in question, operated a combination of motor vehicles in the City of St. Louis the gross weight of which was in violation of the gross weight limitations imposed by § 304.-180 to the extent of 1,380 pounds, but which was within all of the size and weight limitations fixed by § 304.190.

Respondent contends (and the St. Louis Court of Appeals upheld the contention) that even though § 304.190 makes no reference, directly or indirectly, to the gross weight limitations provided in § 304.180, nevertheless said sections are to be read and considered in pari materia; and that, when so read and construed, it must be held that the legislature intended the gross weight limitations set forth in § 304.180 should be applicable to motor vehicles operating in cities of 75,000 or more inhabitants. The legislative history of these sections is meticulously reviewed in the opinion of the St. Louis Court of Appeals. It would be a work of supererogation to here-

in repeat it. Suffice that reference be made to the opinion. 313 S.W.2d 757.

Our understanding of the conclusions reached by the Court of Appeals is that the provisions of § 304.170 limiting the size of motor vehicles and of § 304.180 limiting the gross weight of such vehicles operated upon *the public highways of the state* must be classified as a "general law" applicable to *all* motor vehicles and that the provisions of § 304.190, relating to the size and weight of vehicles operated exclusively within cities of 75,000 or more inhabitants (or within two miles of the corporate limits thereof), is to be classified as an "exception" to the "general law" as set forth in §§ 304.170 and 304.180; that the "general law", carried forward (with certain changes from time to time not herein material) since its original enactment in 1921, remains in effect and is applicable to the size and gross weight limitations of motor vehicles operated exclusively within such city areas to the extent that the express limitations prescribed by the "general law" (§§ 304.170 and 304.180) have not been specifically changed by the "exception" provisions of § 304.190 (also frequently changed in certain respects not herein material) ; and that, inasmuch as § 304.190 is silent on the subject of gross weight limitations, as fixed by § 304.180, such limitations fixed by the latter section remained in effect and were applicable to vehicles operated exclusively within the city areas.

We are unable to agree with the conclusions reached by the Court of Appeals. From 1921 to 1925, the size and weight limitations of all motor vehicles operating *on the highways of this state* were fixed by the Laws of 1921, 1st Ex.Sess., p. 76. Let it be conceded that the provisions of that act were "general". In 1925, Laws 1925, p. 295, the legislature effected the repeal of the "general" statute of 1921 insofar as it prescribed maximum size and weight limitations of motor vehicles operated on "the highways of this state." This was accomplished in the following manner: (a) §§ 1 and 2 of the 1925 act substituted new and

greater size and weight regulations upon motor vehicles operated on the "highways of the state" than those set forth in the 1921 act; (b) § 3 thereof provided:

"The provisions of this act shall not apply to motor vehicles operating exclusively within the corporate limits of cities now or hereafter containing 75,000 inhabitants or more; provided, however, the maximum size, width, length and weight, including load, limits of such motor vehicles operating exclusively within the corporate limits of such cities shall in no case exceed the limits prescribed in paragraphs (a) and (b) of section 20 of the act of the first extraordinary session of the 51st general assembly approved July 30, 1921, known as the 'Motor vehicle law of 1921' and found at pages 76 to 107 both inclusive of the session laws of Missouri, 1921, 1st extra session."

and (c) § 5 expressly repealed all laws or parts of laws in conflict or inconsistent with the act.

It is true, as noted in the opinion of the Court of Appeals, that § 3 contains the opening phrase: "The provisions of this act shall not apply to motor vehicles operating exclusively within the corporate limits of cities now or hereafter containing 75,000 inhabitants or more; * * *." It is important to note, however, that § 3 goes further and specifically creates by reference to and incorporation of the size and weight limitations set up in the 1921 act a separate and complete code of size and weight limitations for all motor vehicles operated exclusively in cities now or hereafter having 75,000 or more inhabitants. The result of that legislation is that since 1925 there were unquestionably in effect, at least until 1951, two complete, comprehensive general codes fixing the maximum size and weight of motor vehicles operated (1) outside cities of 75,000 or more inhabitants and (2) within said cities (and, by a subsequent amendment, within two miles of their corporate limits) ; each of such codes being

exclusive and completely independent of the other. It is admitted in respondent's supplemental brief that "in the history of vehicle size and weight regulations, we have had two complete systems from 1925 to 1949." They were so carried forward (with changes from time to time) in the ensuing decennial revisions of 1929 and 1939. (See §§ 7787, 7788, 7791, R.S.1929; §§ 8384, 8405, 8406, 8409, R.S.1939; §§ 304.170, 304.180, 304.190, RSMo 1949, V.A.M.S.)

That the 1949 revision committee of the legislature considered and treated the size and weight limitations of each of these codes as distinct, complete and mutually exclusive is demonstrated in its explanation of the proposed revisions of Chapter 304, as set forth in S.B. 1113, wherein the committee stated: "Section 304.12 [renumbered § 304.190] provides the *weight and size* limitations in cities over 75,000. This is from section 8409 and section 8384 [R.S.1939]." Vol. 3, Appendix, H. & S. Journals 1949, p. 775. (Our italics.) Such an understanding on the part of the legislature is further evidenced by the fact that in the revision of 1949 and in the subsequent 1951 and 1957 repeals and re-enactments of § 304.190 the proviso clause with which the act of 1925 began was omitted. It is, therefore, clear that, although § 304.190 is "special" in the sense that it is effective (and controlling) only within cities (and within two miles of the corporate limits thereof) of a legislatively declared classification, to wit: cities now or hereafter having 75,000 or more inhabitants, it is nonetheless a "general law" regulating the size and weight of motor vehicles operated exclusively in such areas—just as much so as §§ 304.170 and 304.180 are "general law", effective (and controlling) outside said cities and the specified areas adjacent thereto. State ex rel. Zoological Board of Control v. City of St. Louis, 318 Mo. 910, 1 S.W.2d 1021, 1027; Reals v. Courson, 349 Mo. 1193, 164 S.W.2d 306, 308.

It was in that state of the law and the interpretation placed upon the scope of each of the aforesaid codes by the legislature that in 1951, Laws 1951, p. 695, loc. cit. 704 et seq., it enacted the immediate predecessors of §§ 304.180 and 304.190. In that act and in the re-enactment thereof in 1957, all weight limitations other than the limitation of "twenty-two thousand four hundred pounds on one axle" were deleted from § 304.190.

The precise question presented under the aforesaid facts is: When the legislature in 1951 removed all gross weight limitations from § 304.190 for cities of 75,000 or more and areas within two miles thereof, what did it intend? Did it intend, thereby, to make the gross weight limitations of § 304.-180 applicable for the first time since 1925 to cities of 75,000 or more, even though other separate regulations, including one specific weight regulation, were retained in § 304.190? Or did it, rather, intend for § 304.190 to remain as it had been, separate, general and comprehensive, with no gross weight limit after 1951 for trucks in cities of 75,000 or more, but with a retained axle load limit of 22,400 pounds?

 In determining that question, we are not unmindful, as was stated in the Court of Appeals opinion, that, as a general rule, the repeal of part of an act excepting a particular class of cases from the operation of a previously existing general law serves to reinstate the general law to the extent its provisions would have been applicable but for the exception. See the cases cited in the opinion: State ex rel. Klein v. Hughes, 351 Mo. 651, 173 S.W.2d 877; Belfast Inv. Co. v. Curry, 264 Mo. 483, 175 S.W. 201. But it should be noted that, after stating the general rule, the Klein case, supra, 173 S.W.2d loc. cit. 880, goes on further to state: "But the whole statute as amended should be construed on the theory that the lawmakers intended to accomplish something by the amendment." Thereupon, the writer of the opinion proceeded to consideration of a portion of a provision of the general statute that was omitted from the amendment involved in that case and concluded that its purpose and effect was to accomplish the repeal of the

portion omitted. So it is, we think, that determination of the intent and purpose of the legislature in omitting any weight limitation other than maximum axle load expressly included in § 304.190, as enacted in 1951 and re-enacted in 1957, is the dispositive factor in the instant case.

When it is admittedly made to appear that separate, complete and mutually exclusive codes controlling the size and weight of motor vehicles operated in the aforesaid respective areas (city and outstate) from 1925 to and including 1949, and the legislature actually so considered and treated them, it then seems completely unrealistic to say that when, in 1951 the legislature enacted and in 1957 re-enacted § 304.190 (the separate, complete and theretofore exclusive general code relating to said city areas) by deleting one set of weight limitations and substituting a less restrictive limitation, it intended that the limitations omitted should nevertheless continue in effect simply by reason of their being in § 304.180 of the separate, complete and theretofore exclusive code governing the weight of vehicles in all other portions of the state. Such an inference does not naturally flow from such a construction and, certainly, the specific wording of § 304.190 negates it. In this connection, it should be especially noted that the maximum allowable gross weight loads imposed under the weight table set forth in paragraph 3 of § 304.180 are specifically made *"subject to the limit upon the weight imposed upon the highway through any one axle."* (Emphasis ours.) Now, "the limit" (in the singular not plural) therein referred to must be construed to mean "the limit" set forth in paragraph 1 of § 304.180, in substance, to wit: 16,000 pounds on one axle when the wheels are equipped with high pressure tires, 18,000 pounds when equipped with low pressure tires, and the further restriction that no vehicle shall have a load of over 600 pounds per inch width of tire, etc. When that fact is observed, it is also seen that *the gross weight limitations* imposed by § 304.180 do not appear to be applicable to the one axle load limit imposed under § 304.190 for the simple reason that a strikingly different axle load limit is imposed under the latter section, to wit: 22,400 pounds on one axle; and the record is silent as to whether they could be made applicable. Certainly, an intention on the part of the legislature to make them so cannot be found.

The premises considered, one inevitably is led to the conclusion that the legislature intended what it said and nothing more than it said in § 304.190 with reference to the weight of motor vehicles operated exclusively within the class of cities therein defined and within two miles of the corporate limits thereof; and, obviously, we must so hold in a criminal case, wherein the statutes defining the crime alleged are required to be construed liberally in favor of the defendant and strictly against the state. State v. Dougherty, 358 Mo. 734, 216 S.W.2d 467, 471; United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 229, 97 L.Ed. 260.

The judgment is reversed.

All concur.