Mr. James McHenry Prosecuting Attorney Cole County, Courthouse Jefferson City, Missouri 65101
Dear Mr. McHenry:
This opinion is in response to your question asking:
 "Does Section 2 of House Bill 1514, pertaining to operating weight of solid waste disposal vehicle, permit a tandem axle vehicle to carry up to 44,800 pounds?"
Section 2 of House Bill 1514, 78th General Assembly, Second Regular Session, which was approved by the Governor, June 24, 1976, provides as follows:
 "Notwithstanding any other provision of law to the contrary, any truck, tractor trailer or other combination engaged in transporting solid waste, as defined by section 260.200, RSMo, between any city and a solid waste disposal area or solid waste processing facility approved by the department of natural resources or division of health (sic) may operate with a weight not to exceed twenty-two thousand four hundred pounds on one axle; provided, however, nothing in this section shall be construed to permit the operation of any motor vehicle on the interstate highway system in excess of the weight limits imposed by federal statute; and provided further, that no such truck, tractor trailer or other combination shall exceed the width and length limitations provided in section 304.190, RSMo. The state highway department shall prescribe the route or routes to be traveled in the transporting of such solid wastes between any city and any solid waste disposal area or solid waste processing plant by any truck, tractor trailer or other combination having an axle weight greater than that otherwise permitted in the absence of this section." (Emphasis added)
We note that the language underscored is similar to that which the legislature used in Section 304.190, which pertains to motor vehicles operated within the corporate limits of cities containing 75,000 inhabitants or more or within two miles of the corporate limits of the city or within the commercial zone of the city. That is, subsection 2 of Section 304.190 provides that no motor vehicle operating exclusively within the area as provided shall have a greater weight than 22,400 pounds on one axle.
In State v. Chadeayne, 323 S.W.2d 680 (Mo.Banc 1959), the Supreme Court held that Section 304.190 is a separate code and that the other limitations with respect to weight provided for in Section 304.180, RSMo, are not applicable to vehicles coming under Section 304.190.
The question in this case then is whether or not Section 2 of House Bill 1514 is exclusive and a separate code or whether Section 304.180, RSMo, is also applicable with respect to tandem axles. It is our understanding that Section 2 of House Bill 1514 was enacted with the thought in mind that solid waste vehicles have problems which are not in common with other vehicles in that the weight of such vehicles varies according to the type of solid waste and the moisture content. Likewise, solid waste trucks have a basic weight which is greater than most other trucks because of the compacting equipment and are said to have a practical limitation on the number of axles which can be used because of the need of maneuverability. With this in mind, we note that House Bill 1514 imposed the 22,400 pound limitation on each axle although there was no gross weight imposed nor was there any breakdown with respect to weight limits on what is defined as tandem axles under Section 304.180. The limitations with respect to length and width are expressly, under Section 2 of House Bill 1514, as provided in Section 304.190, RSMo.
Further, under House Bill 1514, the State Highway Department is given the authority to prescribe the routes to be traveled in transporting such wastes between any city and any solid waste disposal area or solid waste processing plant by any truck, tractor trailer or other combination having an axle weight greater than that otherwise permitted in the absence of the provisions of Section 2.
While we believe Section 2 of House Bill 1514 leaves a great deal to be desired in draftmanship, the rules of construction concerning the necessity of interpreting statutes consistent with the legislative intent lead us to the conclusion that the weight limitation as provided under Section 2 is 22,400 pounds on one axle and that such a weight limitation is per axle regardless of whether the axles may be defined as tandem axles under Section304.180. Therefore, we conclude that the weight limitations reached are calculated on the basis of 22,400 pounds per axle or in multiples thereof.
We point out that, as provided in Section 2 of House Bill 1514, nothing in that section shall be construed to permit the operation of any motor vehicle on the interstate highway system in excess of the weight limits imposed by federal statute.
CONCLUSION
It is the opinion of this office that Section 2 of House Bill 1514, 78th General Assembly, Second Regular Session, which provides that vehicles engaged in transporting solid waste as defined by Section 260.200, RSMo, between a city and a solid waste disposal area or solid waste processing facility approved by the Department of Natural Resources may operate with a weight not to exceed 22,400 pounds on one axle means that such weight is to be calculated per axle and the weight limitations imposed by Section 304.180, RSMo, are not applicable to such vehicles.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN C. DANFORTH Attorney General