Carol Russell Fischer Director of Revenue Missouri Department of Revenue P.O. Box 311 Jefferson City, MO 65105-0311
Dear Ms. Fischer:
Your predecessor asked whether county assessors have the authority to list and assess personal property that had been omitted by the taxpayer for a period of one or three previous years. The issue has been presented to this office because two different versions of amendments to Section 137.130, RSMo, were passed and signed into law in 1999.
Senate Bill 19 provides:
 Whenever there shall be any taxable personal property in any county, and from any cause no list thereof shall be given to the assessor in proper time and manner, the assessor shall make out the list, on the assessor's own view, or on the best information the assessor can obtain; and for that purpose the assessor shall have lawful right to enter into any lands and make any examination and search which may be necessary, and may examine any person upon oath touching the same. The assessor shall list, assess and cause taxes to be imposed upon omitted taxable personal property in the current year and in the event personal property was also subject to taxation in the immediately preceding three years, but was omitted, the assessor shall also list, assess and cause taxes to be imposed upon such property.
Senate Bill 219 provides:
 Whenever there shall be any taxable personal property in any county, and from any cause no list thereof shall be given to the assessor in proper time and manner, the assessor shall make out a list, on the assessor's own view, or on the best information the assessor can obtain; and for that purpose the assessor shall have lawful right to enter into any lands and make any examination and search which may be necessary, and may examine any person upon oath touching the same. The assessor shall list, assess and cause taxes to be imposed upon omitted taxable personal property in the current year and in the event personal property was also subject to taxation in the immediately prior year, but was omitted, the assessor shall also list, assess and cause taxes to be imposed upon such property.
The difference between the two bills is the length of time from which an assessor is permitted to review omitted items of personal property and add to the assessor's list of taxable property. In SB 219 the assessor is allowed to add omitted property from the taxable year and for the previous year, while SB 19 allowed an assessor to add omitted property from the taxable year and for the previous three years.
It is clear from the two bills that were enacted into law that it was the legislative intent that assessors be given specific authority to add to the tax rolls property omitted by the owner of the personal property. The question posed is whether the legislature intended to limit the assessor's ability to add to the tax rolls property omitted only from the previous year.
The primary purpose of statutory construction is to ascertain the intent of the legislature. Pedioli v. Missouri Pacific Railroad,524 S.W.2d 882 (Mo.App. 1975). Another tenet of statutory construction is to interpret statutes to avoid inconsistencies, if at all possible. InInterest of L.J.M.S., 844 S.W.2d 86 (Mo.App. 1992). When two bills are passed at the same legislative session on the same subject matter, they are in pari materia and must be construed together. State v. Chadeayne,313 S.W.2d 757 (Mo.App. 1958).
In this instance it is clear that the legislature desired to grant the assessors additional authority to add to the tax rolls personal property omitted for any reason that properly belonged on such rolls. SB 219 allows the assessors to go back to the preceding year while SB 19 allows them to go back three previous years. As such there really is no inconsistency in that both statutes authorize the assessor to add omitted property and SB 19 allows for a longer time frame.
 CONCLUSION
Assessors have the authority to list and assess personal property that had been omitted by the taxpayer in the immediately preceding three years.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General