**CITY OF WILLOW SPRINGS, Individually and as the representative of the class of all Missouri cities similarly situated; and R. Wendell Bailey, Individually and as Representative in the General Assembly of the 152nd District, Respondents,**

v.

**MISSOURI STATE LIBRARIAN, Charles O'Halloran, Librarian; Missouri Department of Higher Education, Bruce Robertson, Commissioner; State of Missouri Office of Administration, Stephen C. Bradford, Commissioner; and State Treasurer of the State of Missouri, James I. Spainhower, Treasurer, Appellants.**

No. 61898.

Supreme Court of Missouri,
En Banc.

April 8, 1980.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for appellants.

Emory Melton, Cassville, for respondents.

SEILER, Judge.

This is an appeal from a judgment of the Circuit Court of Howell County granting declaratory and injunctive relief to respondent Willow Springs, individually and as representative of the class of all other Missouri cities similarly situated, upon a finding that respondent is entitled to funds under the State Aid for Public Libraries Program, pursuant to § 181.060.2, RSMo 1978.[1] The case concerns a dispute over the meaning of a revenue law, the resolution of which requires a construction of the revenue law to decide the case. Therefore, this court has original jurisdiction over the appeal. Mo.Const. art. V, § 3.

In their stipulation of facts, the parties agreed that Willow Springs, the named plaintiff of the class action (hereinafter referred to as "respondent"), is a city with a population of less than 5,000 according to the 1970 census. In 1948, respondent established a free public library pursuant to statute, and has levied and collected the appropriate tax each year in accordance with § 181.060 since 1948. Respondent has requested state aid under the provisions of § 181.060 during this period of time but has never received any state aid. Defendants in the action (hereinafter referred to as "appellants") are various state officials responsible for administration of the State Aid to Public Libraries Program.

---

1. Statutory references hereafter are to RSMo 1978 unless otherwise indicated.

The trial court entered judgment for respondent,[2] finding that respondent and other cities similarly situated were entitled to state aid and enjoining appellants from excluding such cities from the distribution of funds under § 181.060.2. On appeal, appellants contend that public libraries in communities with populations less than 5,000 are ineligible for state aid under the statute.

The Missouri Constitution declares that it is the policy of the state to promote and support free public libraries, and authorizes the legislature to grant state aid to any state subdivision or municipality that supports a library:

"It is hereby declared to be the policy of the state to promote the establishment and development of free public libraries and to accept the obligation of their support by the state and its subdivisions and municipalities in such manner as may be provided by law. When any such subdivision or municipality supports a free library, the general assembly shall grant aid to such public library in such manner and in such amounts as may be provided by law."

Mo.Const. art. IX, § 10. Pursuant to this constitutional provision, the legislature enacted the State Aid to Public Libraries Program in 1945, Laws of Mo.1945, p. 1132, § 14736a, now codified as § 181.060.

At issue is the construction of § 181.060.2 and § 181.060.4. Since enacted in 1945,[3] the statute was amended in 1955, Laws of Mo. 1955, p. 562, § 7, and in 1959, Laws of Mo.1959, S.B. 159. Section 181.060, presently provides in relevant part:

"1. The general assembly may appropriate moneys for state aid to public libraries, which moneys shall be administered by the state librarian, under rules and regulations of the [coordinating board for higher education].

"2. At least fifty percent of the moneys appropriated for state aid to public libraries shall be apportioned to all public libraries established and maintained under the provisions of the library laws or other laws of the state relating to libraries. The allocation of the moneys shall be based on an equal per capita rate for the population of each city, village, town, township, school district, county or regional library district in which any library is or may be established, in proportion to the population according to the latest federal census of the cities, villages, towns, townships, school districts, county or regional library districts maintaining tax supported public libraries. No grant shall be made to any public library if the rate of tax levied or the appropriation for the library should be decreased below the rate in force on December 31, 1946, or on the date of its establishment. Grants shall be made to any public library if a public library tax of at least one mill has been voted in accordance with sections 182.010 to 182.-460, RSMo, or as authorized in section 137.030, RSMo, and is duly assessed and levied for the year preceding that in which the grant is made . . . [provision for a city of the first class deleted]. [Section 181.060.3 dealing with certification and reporting of tax revenues deleted.]

"WHEREFORE it is the order, judgment and decree of this court that Plaintiff class is entitled to state aid for public libraries to be paid as provided in Section 181.060.2 RSMo. and defendants are permanently enjoined and restrained from excluding Plaintiff class from distribution of funds under Section 181.060.2 RSMo."

---

**2.** The judgment entered by the trial court provided:

"Now on this 14th day of August, 1979, the Court having fully considered the law and evidence, finds the issues for plaintiff, and specifically finds that the City of Willow Springs and all other cities similarly situated, that is, cities under 5,000 population which have established and maintained public libraries under the laws of this state, are entitled to participate in *apportionment* of funds appropriated by the legislature under Section 181.060.2 RSMo.

**3.** The State Aid to Public Libraries statute was originally enacted in one long paragraph. *See* Laws of Mo.1945, p. 1132, § 14736a.

"4. The balance of the moneys shall be administered and supervised by the state librarian to provide establishment grants on a population basis to newly established county or regional libraries and equalization grants on a population basis to county or regional libraries in all districts in which a one mill or more tax does not yield a dollar per capita to the libraries. A public library established by law after January 1, 1947, shall receive grants-in-aid only if serving five thousand or more population or if it was serving five thousand or more population at the time of establishment. Newly established libraries and libraries in which a one mill tax does not yield a dollar per capita shall certify through the legally established board and the librarian of the library to the state librarian the fact of establishment, the rate of tax, the assessed valuation of the library district and the annual tax yield of the library. The state librarian shall then certify to the [commissioner of administration] for his approval the amount of establishment grant or equalization grant to be paid to the libraries and warrants shall be issued for the amount allocated and approved. The sum appropriated for state aid to public libraries shall be separate and apart from any and all appropriations made to the state library."

Appellants contend that the exclusion in the second sentence in § 181.060.4, "A public library established by law after January 1, 1947, shall receive grants-in-aid only if serving five thousand or more population

. . . .", also excludes respondent and other cities with populations less than 5,000 from receiving state aid under § 181.060.2.[4] Appellants argue that since the statute was not divided into sections when originally enacted in 1945,[5] that the exclusion which follows the provision for establishment and equalization grants applies to all provisions in the statute. Appellants argue that the amendments made in 1955 and in 1959 did not enact any substantive changes in the provisions in issue. Appellants further argue that the term "grants-in-aid" refers in its plain and ordinary meaning to all moneys being expended under the statute and that since a statute must be construed in its entirety, the placement of the restriction in the fourth section of the statute is irrelevant.

 Whether or not this exclusion, originally part of the same sentence which authorized the establishment and equalization grants and followed by a sentence relating to newly established libraries,[6] applied to all provisions of the 1945 statute is not determinative of the construction to be given the subsequently amended statute. A statute as amended should be construed on the theory that the legislature intended to accomplish something by the amendment. *State v. Chadeayne,* 323 S.W.2d 680, 684 (Mo. banc 1959); *Wigand v. Department of Public Health and Welfare,* 454 S.W.2d 951, 956 (Mo.App.1970). The legislature is not presumed to have intended a useless act, *Kilbane v. Director of the Department of Revenue,* 544 S.W.2d 9, 11 (Mo.

---

**4.** Opinions of the office of the Attorney General have interpreted the statute as barring state aid to libraries of cities with a population less than 5,000. Atty.Gen.Op. No. 72 (1954); Atty. Gen.Op. No. 147 (1976). The state librarian has followed these opinions and has refused to distribute any moneys to public libraries of cities with a population less than 5,000.

**5.** The 1945 Statute was first divided into sections when published as § 181.060, RSMo 1949, wherein the statute was renumbered and divided into paragraphs. *Compare* Laws of Mo. 1945, pp. 1134–35, § 14736a with § 181.060, RSMo 1949.

**6.** In the original statute, these sentences read:

"The balance of said moneys shall be administered and supervised by the State Librarian to provide establishment grants on a population basis to newly established county or regional libraries and equalization grants on a population basis to county or regional libraries in all districts in which a one-mill or more tax does not yield a dollar per capita to said libraries, *and provided further* that only a library in a municipality, city, county, region, school district or other library district serving 5,000 or more population established by law after January 1, 1947, shall receive grants in aid. Newly established libraries . . . ."

Laws of Mo.1945, pp. 1134–35, § 14736a.

banc 1976), and the legislature's action of repeal and enactment is presumed to have some substantive effect such that it will not be found to be a meaningless act of housekeeping. *Clair v. Whittaker*, 557 S.W.2d 236, 240 (Mo. banc 1977). Accordingly, appellants' implicit position that the statute should be interpreted as originally drafted and without reference to the subsequent amendments in 1955 and 1959, is without basis.

As said, in 1955, the provision in question was amended. The clause containing the exclusion of libraries serving less than 5,000 population was made into a separate and reworded sentence, but still relegated to the section concerning establishment and equalization grants and followed by a sentence relating to newly established libraries.[7] In 1959, the provision was again amended and reworded; the statute presently reads as amended in 1959. The exclusion remains in the section concerning establishment and equalization grants and is followed by a sentence relating to newly established libraries.[8]

The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *State v. Kraus*, 530 S.W.2d 684, 685 (Mo. banc 1975). "The particular meaning to be ascribed to specific words and phrases must depend to some extent upon the context in which they are used, . . ." *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323, 327 (1952). Thus, there is no ground for appellants' contention that the placement of the restriction in the fourth section of the statute is of no consequence. Considering the words used in the statute within the context in which they are used and in their plain and ordinary meaning, we conclude that the exclusion in the fourth section does not extend to the second section of the statute.

As set out in the statutes, The State Aid for Public Libraries Program divides financial assistance to public libraries into two parts. The statute directs that:

> "*At least fifty percent of the moneys* appropriated for state aid to public libraries shall be apportioned to *all* public libraries established and maintained under the provisions of the library laws or other laws of the state relating to libraries. *The allocation of the moneys shall be based on an equal per capita rate for the population of each city, village, town, townships,* school districts, county or regional library districts maintaining tax supported public libraries. · . . ."

§ 181.060.2 (emphasis added). While this section contains restrictions which exclude public libraries in communities that decrease their tax rate for library appropriations or fail to assess the statutory minimum tax, nowhere in this section is there any indication that community libraries serving less than 5,000 people are to be

---

7. As amended in 1955, the section provided in relevant part:

> "4. The balance of the moneys shall be administered and supervised by the state librarian to provide establishment grants on a population basis to newly established county or regional libraries and equalization grants on a population basis to county or regional libraries in all districts in which a one-mill or more tax does not yield a dollar per capita to the libraries. Only a library in a municipality, city, county, region, school district or other library district serving five thousand or more population established by law after January 1, 1947, shall receive grants in aid. Newly established libraries . . ."

Laws of Mo.1955, p. 562, § 7.

8. As amended in 1959, Laws of Mo.1959, S.B. 159, the section now provides in relevant part:

> "4. The balance of the moneys shall be administered and supervised by the state librarian to provide establishment grants on a population basis to newly established county or regional libraries and equalization grants on a population basis to county or regional libraries in all districts in which a one mill or more tax does not yield a dollar per capita to the libraries. A public library established by law after January 1, 1947, shall receive grants-in-aid only if serving five thousand or more population or if it was serving five thousand or more population at the time of establishment. Newly established libraries . . ."

§ 181.060.4, RSMo 1978.

excluded from this part of the program.[9] Indeed, in their plain and ordinary meaning the references to "all public libraries" and to the population of "*each . . . village, town, township . . .*" indicates that the legislature contemplated that smaller communities would receive a per capita share of the moneys authorized under this section. The remaining financial assistance to public libraries under the program is distributed as establishment and equalization grants:

> "*The balance of the moneys* shall be administered and supervised by the state librarian to provide establishment grants on a population basis to newly established *county or regional libraries* and equalization grants on a population basis to county or regional libraries in all districts in which a one mill or more tax does not yield a dollar per capita to the libraries. A public library established by law after January 1, 1947, shall receive grants-in-aid only if serving five thousand or more population at the time of establishment. Newly established libraries and libraries in which a one mill tax does not yield a dollar per capita . . ."

§ 181.060.4 (emphasis added). As noted above, the exclusion of community libraries serving less than 5,000 people appears in this section. Considering the context of the exclusion, it is apparent that the legislature intended to encourage the establishment of public libraries on a county or regional basis and to ensure continuing state support through equalization grants. In this context, the legislature intended that the state librarian would not encourage through the distribution of grant moneys not apportioned on a per capita basis the establishment of libraries except upon a county or regional basis.

■ To construe the statute as interpreted by appellants would be to construe the exclusion out of context and to deprive the references to "all public libraries" and to

"villages, towns" and "townships" of their plain and ordinary meaning in the statute. Such a construction would run afoul of the rule that the "entire legislative act must be considered together and all provisions must be harmonized, if reasonably possible, and every word, clause, sentence, and section of an act must be given some meaning . ." *McCord v. Missouri Crooked River Backwater Levee District*, 295 S.W.2d 42, 45 (Mo. 1956).

In conclusion, the trial court correctly found that respondent and all other communities with populations under 5,000 that have established and maintained public libraries under the laws of this state are entitled to participate in the apportionment of funds appropriated by the legislature under § 181.060.2. We, therefore, affirm the judgment of the trial court granting respondent declaratory and injunctive relief.

All concur.

---

9. *See Yardley v. Montgomery*, 580 S.W.2d 263, 270 (Mo. banc 1979), wherein this court construed the workmen's compensation statutes. In that case, as here, it was alleged that a limitation in one subsection affected another subsection in the same statute. The court found "There is nothing in subsection 4(a) which indicates the intention of the General Assembly to limit the liability of the employer by subsection 2 or by § 287.160."