Dear Mr. Daniel:
This opinion is in answer to your inquiry on the following issue:
 May the supervisor of the Division of Liquor Control issue a license for the sale of light wines not in excess of fourteen percent by weight for consumption on the premises where sold in unincorporated areas and in cities under 20,000 inhabitants which has not been authorized by a vote of the majority of the qualified voters of said city?
We believe your inquiry is based on changes in Sections311.090 and 311.200 wrought by Senate Bill 126, 81st General Assembly, effective September 28, 1981.
Repealed Section 311.090, RSMo 1978, provided for a local option whereby a majority of the registered voters in cities with a population greater than 500 and less than 20,000 could authorize the supervisor of the Division of Liquor Control to issue a retail liquor by the drink license. As an exception to the local option requirement, repealed Section 311.090 permitted the supervisor to issue a license to sell malt liquor containing alcohol not in excess of five percent by weight without local voter approval. The former Section 311.090 also contained a second provision requiring a licensee to provide a surety bond for the faithful performance of his duties under the law.
During the 81st General Assembly, the legislature approved Senate Bill 126 which repealed and reenacted Section 311.090. The provision requiring a performance bond was deleted. The local option provision was reenacted without change.
Senate Bill 126 amended Section 311.200 as well. Of import to your request is the amendment to Section 311.200.3 as follows:
 3. Malt liquor containing alcohol in excess of three and two-tenths percent by weight and not in excess of five percent by weight, manufactured from pure hops or pure extract of hops or pure barley malt or wholesale grains or cereals and wholesome yeast and pure water, or light wines containing not in excess of fourteen percent of alcohol by weight exclusively from grapes, berries and other fruits and vegetables, or both such malt liquor and wine may be sold by the drink at retail for consumption on the premises where sold, when the person, partnership or corporation desiring to sell such malt liquor or wine, or both, by the drink at retail for consumption on the premises where sold shall have been licensed so to do by the incorporated city and county in which he proposes to operate his business, and has procured a license so to do from the supervisor of liquor control. No licensee authorized to sell malt liquor or wine, or both, at retail by the drink for consumption on the premises where sold, shall be permitted to obtain a license for the sale of intoxicating liquors, other than malt liquor or wine, or both,
in the original package, except in cities where the sale of all intoxicating liquors, by the drink at retail for consumption on the premises where sold, is permitted by law. For every license issued for the sale of malt liquor or wine, or both, as herein defined, at retail by the drink for consumption on the premises where sold, the licensee shall pay to the director of revenue the sum of thirty-five dollars per year, which license shall also permit the holder thereof to sell nonintoxicating beer as defined in Chapter 312, RSMo [language added by amendment emphasized].
Section 311.200.3, as amended by Senate Bill 126, 81st General Assembly, includes light wines in the same class of intoxicating liquor as malt liquor for purposes of licensing. However, Section 311.090, as amended, does not include light wine as an exception to the local option requirement. Further, the legislature has not amended Section 311.150, RSMo 1978, which provides:
 If a majority of the votes cast on the question held under the provisions of this chapter shall be against the sale of intoxicating liquor containing alcohol in excess of five percent by weight, by the drink at retail for consumption on the premises where sold, it shall not be lawful for any person within the limits of such incorporated city to, directly or indirectly, sell, give away or barter in any manner whatever intoxicating liquor, by the drink at retail for consumption on the premises where sold, except malt liquor, containing alcohol not to exceed five percent by weight,
under proper license, in any quantity whatever, under the penalties prescribed in this chapter. (emphasis added)
In rendering our opinion we must rely on the rules of statutory construction adopted by the courts of this state, the ultimate aim of which is to determine and give effect to the intent of the legislature. City of Willow Springs v.Missouri State Librarian, 596 S.W.2d 441, 444-445 (Mo. banc 1980); Missouri Pacific Railroad Company v. Kuehle,482 S.W.2d 505, 509 (Mo. 1972). In addition, we are obliged to harmonize conflicting statutes, where possible, to give effect to the legislature's intent.
 Statutes must be read in pari materia and, if possible, given effect to each clause and provision. Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general [citations omitted]. State ex rel. Fort Zumwalt School District v. Dickherber, 576 S.W.2d 532, 536-537
(Mo. banc 1979).
In ascertaining the intent of the legislature, courts have traditionally exercised caution in interpreting a statute beyond the scope of its expressed language. The legislature is presumed to have acted with knowledge of the subject matter and scope of existing law.
 Provisions not plainly written in the law, or necessarily implied from what is written, should not be added by a court under the guise of construction to accomplish an end that the court deems beneficial. Wilson v. McNeal, et al., 575 S.W.2d 802, 809 (Mo.App., St.L.D. 1978).
Our review of the pertinent law and Senate Bill 126, 81st General Assembly, leads us to believe that the General Assembly intended to change the status of light wine from an intoxicating liquor which requires a three hundred dollar license for sale at retail by the drink, to an intoxicating liquor which requires a thirty-five dollar license for the same privilege (See Section 311.200.4). Section 311.200
defines and classifies various original package and retail by the drink licenses. It does not empower the supervisor of Liquor Control to issue a retail by the drink license in the absence of local approval. The legislature did not alter the provisions of Section 311.090 requiring local authorization prior to the issuance of a liquor by the drink at retail for consumption on the premises license. Section311.090 continues to require voter authorization before a liquor by the drink at retail for consumption on the premises where sold license may be issued by the supervisor; the sale of malt liquor by the drink at retail for consumption on the premises where sold is the sole exception to the local authorization requirement.
We believe Senate Bill 126, 81st General Assembly, expresses the legislature's intent to decrease the licensing fee for a license to sell light wine by the drink at retail for consumption on the premises where sold without creating an exception from the requirement of Section 311.090 for local voter authorization prior to the issuance of such a license by the supervisor.
CONCLUSION
It is therefore the opinion of this office with respect to the issuance of a license for the sale of light wine not in excess of fourteen percent by weight for consumption on the premises where sold that:
1. The supervisor of the Division of Liquor Control may not issue a license for the sale of light wines not in excess of fourteen percent by weight by the drink at retail for consumption on the premises where sold in cities under 20,000 inhabitants or unincorporated areas outside the city limits unless a majority of the qualified voters of said city have authorized him to do so.
2. The supervisor of the Division of Liquor Control retains his statutory discretion to issue a license for sale by the drink at retail for consumption on the premises where sold of light wines not in excess of fourteen percent in cities and unincorporated areas not within the purview of Section 311.090.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Henry T. Herschel.
Very truly yours,
 JOHN ASHCROFT Attorney General