Dear Mr. Daniel:
This is in response to your question,
 When a city police officer writes a ticket within his jurisdiction he has the option to charge the person with a state criminal charge or a city municipal [sic] charge. If he writes a state criminal charge, the person appears in the Associated [sic] Circuit Court. If he writes a municipal charge, the person appears in a municipal court. If the training funds generated as described in 590.140 RSMo. are a result of criminal charges levied by a city police officer can those funds be used to train city police officers or are the funds solely to be used for county officers?
You have informed us that some county officials are interested in using excess amounts in these county funds to train city police officers, and have asked if such an expenditure is authorized by Chapter 590, RSMo. After a careful examination of Chapter 590, we conclude that county training funds generated as described in Section 590.140, RSMo 1978, may not be used to train city police officers.
The primary rule in determining the intent of the General Assembly is to give the words used in the statute their plain and ordinary meaning. City of Willow Springs v. Missouri StateLibrarian, 596 S.W.2d 441, 445 (Mo. banc 1980). Where the language in the statute is plain and unambiguous, any construction or interpretation is unnecessary and unwarranted. Schimmer v.H. W. Freeman Construction Co., Inc., 607 S.W.2d 767, 769 (Mo.App. 1980).
Section 590.140 provides:
 1. A fee of up to two dollars may be assessed as costs in each court proceeding filed in any court in the state for violations of the general criminal laws of the state, including infractions, or violations of county or municipal ordinances, provided that no such fee shall be collected for non-moving traffic violations, and no such fee shall be collected for violations of fish and game regulations, and no such fee shall be collected in any proceeding in any court when the proceeding or defendant has been dismissed by the court. For violations of the general criminal laws of the state or county ordinances, no such fee shall be collected unless it is authorized by the county government where the violation occurred. For violations of municipal ordinances, no such fee shall be collected unless it is authorized by the municipal government where the violation occurred. Such fees shall be collected by the official of each respective court responsible for collecting court costs and fines and shall be transmitted monthly to the treasurer of the county where the violation occurred in the case of violations of the general criminal laws of the state or county ordinances and to the treasurer of the municipality where the violation occurred in the case of violations of municipal ordinances.
 2. Each county and municipality may use funds received under this section only to pay for the training required as provided in section 590.100 to 590.150, provided that any excess funds not needed to pay for such training may be used to pay for additional training for peace officers or for training for other law enforcement officers employed or appointed by the county or municipality.
[Emphasis added.]
Section 590.110.1, RSMo 1978, provides, in pertinent part, that:
 Any person who is employed or appointed as a peace officer after December 31, 1978, shall be employed or appointed on a temporary and probationary basis, and the hiring agency shall, within one year after the employee has assumed his office, take all necessary steps to qualify the employee for certification by the director. [Emphasis added.]
Thus, the responsibility for providing probationary peace officers with training falls on the agency which hired the officer.
The director of the Department of Public Safety may certify a peace officer only after the training standards established under Sections 590.100 to 590.150 are met by a probationary officer. We note further that the standards established under Sections 590.100 to 590.150 are minimum standards; Section 590.105, RSMo 1978, authorizes peace officers, departments and agencies to adopt higher standards than the minimum mandatory training standards implemented pursuant to Sections 590.100 to 590.150.
Section 590.140.2 provides that with the exception of the use of excess funds, the only use which may be made of funds generated under Section 590.140.1 is training required under Sections 590.100 to 590.150. Since only the hiring agency has responsibility for training employees, we assume your question relates to the use of excess funds by the hiring agency.
Section 590.140.2 provides two ways in which excess funds generated pursuant to Section 590.140.1 may be employed: (1) to pay for additional training for peace officers, and (2) to pay for training "other law enforcement officers employed or appointed by the county or municipality."
In our Opinion Letter No. 32, Daniel, 1981, we stated that:
 [E]ach county and municipality may use any excess funds not needed to pay for the minimum mandatory training for such additional training as it sees fit. This is in keeping with subsection 2 of § 590.105, RSMo 1978, which authorizes peace officers within this state to adopt standards which are higher than the minimum standards set forth by the director of the Department of Public Safety. . . . [T]he Director has no responsibility with respect to the excess funds or the type of training received therewith. [Emphasis added.]
We believe that the "additional training" for which the first option under Section 590.140.2 allows the expenditure of excess funds by a county or a municipality is limited to (1) additional training for peace officers over and above that required under Sections 590.100 and 590.150, and (2) peace officers for whom the county or municipality has a training responsibility under Section 590.110.1. Opinion Letter No. 32, supra, holds that the director of the Department of Public Safety has no responsibility for the use of the excess funds. The agency employing the excess funds has discretion only with regard to the type of additional training it will provide its peace officers; that agency may not, however, pay for any training for peace officers for whom it has no training responsibility.
The second permitted use of excess funds under Section590.140.2 is clearly limited to law enforcement personnel employed or appointed by the city or county. Because city police officers are neither "employed" nor "appointed" by a county, it is clear that the legislature did not intend that county funds be used to train city police officers.
Our holding is consistent with the general scheme of Sections590.100 to 590.150, which mandates separation between the entities of government for police training purposes by requiring interalia, that the hiring agency be responsible for qualifying its probationary peace officer employees (Section 590.110.1) and that fees generated under Section 590.140.1 be segregated according to the violation charged, i.e., fees collected for violations of the general criminal laws of the state must be transmitted to the county treasurer, and fees collected for violations of municipal ordinances must be transmitted to the municipal treasurer, irrespective of which entity employs the peace officer who makes an arrest (Section 590.140.1).
We add a caveat. Our opinion herein is limited to holding that county funds may not be used to pay for training for municipal police officers. We do not intend to discourage joint cooperation between the various law enforcement agencies in this state for training purposes.
CONCLUSION
It is, therefore, the opinion of this office that county funds generated by the collection of fees for violations of the general criminal laws of the state, pursuant to Section 590.140.1, RSMo 1978, may not be used to train municipal police officers.
This opinion, which I hereby approve, was prepared by my assistant, Charles R. Miller.
Very truly yours,
 JOHN ASHCROFT Attorney General