Dear Dr. Mallory:
This is in response to your request for an official opinion on the following question:
 For what purposes may the State Board of Education expend moneys in the School for the Blind, School for the Deaf, and Handicapped Children's Trust Funds? Specifically, can this money, if not earmarked by the donor for a special purpose, be used to provide normal operating money for the School for the Blind, the School for the Deaf, and the Schools for the Severely Handicapped because the Legislature did not appropriate enough general support or failed to fund an operating program?
The School for the Blind, School for the Deaf, and Handicapped Children's trust funds are established in Section 162.790, RSMo 1978. Subsections 1, 2, and 3 of Section 162.790 provide that all funds derived from grants, gifts, donations, or bequests or from the sale or conveyance of any property acquired through any grant, gift, donation, devise, or bequest to or for the use of the Missouri School for the Blind, Missouri School for the Deaf, or state schools for severely handicapped children may be deposited in the state treasury in funds known as the "School for the Blind Trust Fund", "School for the Deaf Trust Fund", and "Handicapped Children's Trust Fund." Subsection 4 of Section 162.790 provides as follows:
 The moneys in the school for the blind trust fund, in the school for the deaf trust fund or in the handicapped children's trust fund shall not be appropriated for the support of the schools in lieu of general state revenues but shall be appropriated only for the purpose of carrying out the objects for which the grant, gift, donation, devise or bequest was made.
We assume that appropriations are available from the trust funds.
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent, if possible, and to consider words used in the statute in their plain and ordinary meaning. City ofWillow Springs v. Missouri State Librarian, 596 S.W.2d 441,445 (Mo. banc 1980). Furthermore, where a special fund is created or set aside by statute for a particular purpose or use, it must be administered and expended in accordance with the statute, and may be applied only to the purpose for which it was created or set aside, and not diverted to any other purpose. State ex rel. State Building Commission v. Smith,81 S.W.2d 613 (Mo. 1935).
Section 162.790 clearly provides that the moneys in the School for the Blind, School for the Deaf, and Handicapped Children's trust funds are funds that are held in trust for the various schools. Assuming that the gifts made are not for a special purpose, such funds may be used to provide normal operating money for the schools. In this respect we call your attention to two previous opinions of this office. In Opinion No. 63, dated April 30, 1968, to Howard, this office stated:
 [M]oney in the School for the Blind Trust Fund derived from conveyances to the fund which do not specify any purpose for which the funds may be used can be appropriated and expended by the Board of Education for the purchase of land and construction of buildings for the School for the Blind if request for funds from general revenue for such purchase has resulted in an appropriation from general revenue less than the Board has requested as necessary for such purchase and that such expenditures are for the normal operation of the School for the Blind.
Similarly, in Opinion No. 134, dated September 27, 1977, to Mallory, this office stated that School for the Blind trust funds may be used to finance a School for the Blind facility assuming that the funds were not used contrary to a special gift.
Conclusion
It is the opinion of this office that appropriated funds from the School for the Blind Trust Fund, the School for the Deaf Trust Fund, and the Handicapped Children's Trust Fund, if not earmarked by the donor for a special purpose, may be used to provide operating money for the school to which the funds were donated if the request for funds from general revenue has resulted in an appropriation from general revenue which is less than requested.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Leslie Ann Schneider.
Very truly yours,
 JOHN ASHCROFT Attorney General
Encs: Op. No. 63, 4/30/68, Howard Op. No. 134, 9/27/77, Mallory