Dear Mr. Lafser:
This is in response to your request for an opinion on the following question:
 Was the Land Reclamation Program within the Division of Environmental Quality, Department of Natural Resources, placed under Chapter 36, RSMo, by the State Personnel Law of 1979?
In Opinion No. 237, Bond, 1974, we held that employees of the Land Reclamation Commission were not subject to the merit system provisions in Chapter 36, RSMo, in effect in 1974. Our opinion was based on Section 10.6 of the Omnibus State Reorganization Act of 1974, Appendix B, RSMo 1978, which provides that "all necessary personnel required by the [land reclamation] commission shall be selected, employed and discharged by the commission." We interpreted this provision to constitute a specific exception to Section 10.2 of the 1974 Reorganization Act, which provided that all employees of the Department of Natural Resources were to be appointed by the Department director in accordance with the merit system. Because Land Reclamation Commission employees were to be appointed by the Commission, not the Department director, we found Section 10.2 of the Reorganization Act inapplicable to Commission employees.
Chapter 36 was substantially revised in 1979. Laws 1979, CCS for HB 673. Included was a revision of Section 36.030, RSMo Supp. 1982, which sets forth the basic coverage of and exclusions from the state merit system. Section 36.030.1 now provides as follows:
 A system of personnel administration based on merit principles and designed to secure efficient administration is established for all offices, positions and employees, except attorneys, of . . . the department of natural resources [and other designated departments, divisions and agencies]. . . .
The provisions of Section 36.030 in effect in 1974 did not extend coverage of the merit system to the Department of Natural Resources, although Section 10.2 of the Reorganization Act accomplished such result, except with respect to employees of the Land Reclamation Commission. However, the 1979 amendments to Section36.030.1 specifically include the Department of Natural Resources as one of the covered departments, without any apparent exclusion of the employees of the Land Reclamation Commission. In order to answer your question, we must determine whether the legislature intended by the 1979 amendments to Section 36.030 to change the effect of Section 10 of the 1974 Reorganization Act, as it relates to the coverage of the merit system.
The primary role of statutory construction is to ascertain the legislative intent from the language used, and where possible to consider the words used in their plain and ordinary meaning.City of Willow Springs v. Missouri State Librarian, 596 S.W.2d 441
(Mo. banc 1980). While it is a general rule that repeals by implication are not favored, and where there are two or more acts on one subject both should be given effect if possible, if they are repugnant in any of their provisions, the later act will operate, to the extent of the repugnancy, to repeal the earlier act. City of Kirkwood v. Allen, 399 S.W.2d 30 (Mo. banc 1966).
As noted earlier, Section 36.030 did not, prior to the 1979 amendment, include the Department of Natural Resources within the coverage of the merit system. In the 1979 amendment the legislature chose, in clear and comprehensive terms, to include within the merit system all offices, positions and employees of the Department of Natural Resources. The plain and ordinary meaning of the words used by the legislature suggests that it did not intend to preclude or exempt any of the various divisions, agencies and programs within the Department from the coverage of the merit system.
Further, there appears to us to be no rational way to reconcile the differences between the coverage of the merit system as expressed in Section 10 of the 1974 Reorganization Act, with the broadened coverage as expressed in present Section 36.030.1, so that we could give effect to both. We believe that a true repugnancy exists between the two acts, as it is not possible to give effect to the all-inclusive coverage of Section 36.030.1, as it relates to the Department of Natural Resources, yet also give effect to the exclusion of the Land Reclamation Commission employees from the merit system, as expressed in Section 10 of the 1974 Reorganization Act. Therefore, we believe that the provisions of the later enactment must control.
Our conclusion is buttressed by the familiar rule of statutory construction that a change in a statute is ordinarily intended to have some effect, and the legislature will not be presumed to have intended a meaningless or useless act. City of WillowSprings v. Missouri State Librarian, supra. The legislature had previously amended Section 36.030 in the First Extraordinary Session of the 77th General Assembly, the same session in which the 1974 Reorganization Act was enacted. At that time the legislature chose not to bring the Department of Natural Resources within Chapter 36 directly, but to do so indirectly via Section 10 of the Reorganization Act. By the specific inclusion of all offices, positions and employees of this Department within Chapter 36, without any apparent exclusion of the Land Reclamation Commission employees, the legislature must have intended by the 1979 amendment to affect some change in the situation as it formerly existed. As Section 10.2 of the Reorganization Act already provided for merit system coverage of all positions within the Department of Natural Resources, other than Land Reclamation Commission employees, the legislature must have intended by the 1979 amendment to Section 36.030 to bring the latter employees within the coverage of the merit system.
We would note that our opinion that the provisions of present Section 36.030.1 take precedence over Section 10 of the Reorganization Act does not render meaningless Section 10.6 of the Reorganization Act for all purposes. The enactment of a provision which is repugnant to an earlier enactment accomplishes a repeal by implication only to the extent of the repugnancy. If other provisions of the earlier enactment are not repugnant to the later act, those provisions remain in force and effect. As the 1979 amendment to Section 36.030.1 does not purport to change the appointing authority for positions within the Department of Natural Resources, we believe that Section 10.6 of the Reorganization Act, as it provides for the selection, employment and discharge by the Land Reclamation Commission of all personnel required to carry out the Commission's powers and duties, remains unchanged.
Section 36.030.1 also contains in 10 subdivisions various provisions for exemption of positions from the coverage of the merit system. We do not address in this opinion the question what employees of the Land Reclamation Commission may be outside the coverage of the merit system under these exemptions.
CONCLUSION
It is the opinion of this office that pursuant to Section36.030.1, RSMo Supp. 1982, as amended in 1979, the employees of the Land Reclamation Commission are subject to the merit system provisions in Chapter 36, RSMo, with such exempt positions as may be provided for under subdivisions (1) through (10) of Section36.030.1.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Dan Summers.
Very truly yours,
 JOHN ASHCROFT Attorney General