Christopher O'NEIL, Respondent,

v.

STATE of Missouri, Appellant.

No. 64998.

Supreme Court of Missouri,
En Banc.

Dec. 20, 1983.
Rehearing Denied Jan. 17, 1984.

this settlement provided that respondent would receive additional compensation of $150,000 if "the Courts of the State of Missouri determine that the Tort Defense Fund (§ 105.710, RSMo 1978) provides one hundred thousand dollars coverage per defendant [rather than] per * * * claimant." The trial court held that § 105.710 provides coverage for each act, of each defendant, that results in harm. As did the Court of Appeals, we affirm.

As originally enacted in 1967, § 105.710, RSMo Supp.1967, authorized the Director of the Department of Corrections to procure insurance to insure the department's employees against liability for their wrongful acts and omissions. The coverage was:

> limited to a maximum of one hundred thousand dollars for the *claim of each person* and three hundred thousand dollars for all claims arising out of each *occurrence.* (Emphasis supplied.)

Two years later the General Assembly enacted Senate Bill 348, which repealed § 105.710 (and § 216.141, RSMo Supp.1967) and enacted in lieu thereof a new § 105.710, to wit:

> As *part of the compensation to be paid* to the * * * officers, employees and agents of the department of corrections * * * the comptroller is authorized to pay from the Tort Defense Fund, which is hereby created, all final judgments * * * against the aforesaid officers, employees and agents, for acts * * * performed in connection with their official duties * * *. Payment shall be limited to a maximum of one hundred thousand dollars for all claims arising out of *the same act* * * *. (Emphasis supplied.)

Section 105.710, RSMo 1969. [Although this section has been amended on numerous occasions since 1969, the coverage provision remains unchanged.] The outcome of this case turns upon the meaning of the words "the same act" as used in § 105.710.

As enacted in 1969, § 105.710 changed the scope of coverage from a "per person/occurrence" to a "per act" framework. In making this change the General Assembly is charged with knowledge of the mean-

Jerry Short, Kristie Green, Asst. Attys. Gen., Jefferson City, for appellant.

Michael D. Stokes, Frances M. Luehrman, St. Louis, John H. Marshall, Burns, Marshall & Burns, Clayton, for respondent.

DONNELLY, Judge.

This case was transferred by this Court as raising a question of general interest or importance. Rule 83.03. We decide it as on original appeal. Rule 83.09.

In October of 1978, respondent, then a nineteen-year-old inmate at the Missouri State Training Center at Moberly, contracted pneumococcal meningitis which rendered him a quadriplegic, mute, blind in one eye and mentally retarded. Suit was filed on his behalf against the State of Missouri and eight state employees, alleging that over the course of approximately one week they failed to diagnose and treat his illness. Prior to trial the parties entered into a compromise and settlement. One provision of

ing of all simple, non-technical words, such as "occurrence" and "act," it employs in its statutory provisions. *Harrison v. Kansas City Terminal Ry. Co.,* 36 F.Supp. 434 (W.D. Mo.1941), affd. 126 F.2d 422 (8th Cir.1942). The word "act" denotes the "external manifestation of the actor's will and does not include any of its results * * *." Restatement (Second) of Torts § 2 (1965). Thus, an "act" constitutes "the pulling of the trigger and not the impingement of the bullet upon the other's person * * * or the movement of the actor's hand and not the contact with the other's body." *Id.,* comment c. An "occurrence," on the other hand, is defined as an event, incident or happening. *See* 67 C.J.S. 198 (1978). "Incident" is defined as "something that * * * results from something else," Webster's Third New International Dictionary (1964), and a "happening" is "something that presents itself by way of injury or harm." *See Id.*

In the context of this case the alleged omissions on the part of defendants comprise "acts" and the resultant injuries to respondent constitute the "occurrence." Despite the disparate meanings of these words, appellant suggests the General Assembly intended that payment shall be limited to a maximum of one hundred thousand dollars for all claims arising out of the same *occurrence:*

(1) A sues D. Judgment of $150,000. A can be paid a total of $100,000;

(2) A and B sue D. Judgments total $150,000. A and B can be paid a total of $100,000;

(3) A sues D and E. Joint and several judgment for $150,000. A can be paid a total of $100,000;

(4) A and B sue D and E. Joint and several judgments total $150,000. A and B can be paid a total of $100,000.

■ We do not agree. A statute "as amended should be construed on the theory that the lawmakers intended to accomplish something by the amendment." *State ex rel. Klein v. Hughes,* 351 Mo. 651, 656, 173 S.W.2d 877, 880 (1943); *City of Willow Springs v. Missouri State Librarian,* 596 S.W.2d 441, 444 (Mo. banc 1980). The act of repeal and reenactment is not presumed to be without purpose or a simple act of housekeeping. *Staley v. Missouri Director of Revenue,* 623 S.W.2d 246 (Mo. banc 1981); *City of Willow Springs, supra.* The United States Supreme Court recently noted that a change of statutory language, while not an infallible guide to legislative intent, raises an inference of a change of purpose on the part of Congress absent more persuasive evidence to the contrary. *McElroy v. United States,* 455 U.S. 642, 102 S.Ct. 1332, 1337 n. 14, 71 L.Ed.2d 522 (1982). Here, the record is devoid of any evidence supporting appellant's contention, thereby raising the *McElroy* inference. Assigning to the words "the same act" their ordinary meaning, *Springfield Park Central Hospital v. Director of Revenue,* 643 S.W.2d 599 (Mo. 1983); *City of Willow Springs, supra,* § 105.710 provides up to one hundred thousand dollars of coverage for each act, of each defendant, that results in injury or harm. Pursuant to the terms of the settlement, respondent is entitled to receive additional compensation from the state in the amount of one hundred fifty thousand dollars.

If the assertion made by appellant is accurate, we trust the General Assembly will excise "the same act" from § 105.710 and substitute language more descriptive of its intent.

The judgment is affirmed.

RENDLEN, C.J., and HIGGINS, GUNN, BILLINGS and BLACKMAR, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent. In holding that "§ 105.710 provides up to one hundred thousand dollars of coverage *for each act, of each defendant,* that results in injury or harm," I believe the Court reaches a result the legislature could not have intended. The statute as interpreted by the majority enables a plaintiff to collect up to the statutory limit for each tortious act of · every

state employee-defendant connected with an injury producing incident or occurrence, be it the National Guard or a group of doctors. This interpretation promises to increase by exponential proportions the state's liability in tort actions against its employees. That the legislature never intended § 105.710 to cover judgments and settlements of this magnitude is made apparent by the meager amounts appropriated by the General Assembly for the Tort Defense Fund in past years:

| 1983 | $100,000 | 1980 | $37,500 | 1977 | $37,500 |
| 1982 | 247,100 | 1979 | 37,500 | 1976 | 37,500 |
| 1981 | 100,000 | 1978 | 37,500 | 1975 | 37,500 |

This Court, of course, should interpret amended statutes on the assumption the legislature intended to accomplish a change in the law. *Sermchief v. Gonzales,* 660 S.W.2d 683, 688 (Mo. banc 1983); *City of Willow Springs v. Missouri State Librarian,* 596 S.W.2d 441, 444 (Mo. banc 1980). But we are also advised by our rules of statutory construction to avoid interpretations of statutes which lead to absurd or unreasonable results. *State ex rel. Zoological Park Subdistrict of the City and County of St. Louis v. Jordan,* 521 S.W.2d 369, 372 (Mo. 1975); *State ex rel. Dravo Corporation v. Spradling,* 515 S.W.2d 512, 517 (Mo.1974). By interpreting § 105.710 to allow a plaintiff to recover for each act of each defendant, I believe the Court unnecessarily exposes the state to unwarranted and unintended liability. I must therefore dissent.