Missouri Ethics Commission P.O. Box 1254 Jefferson City, MO 65102
Ladies and Gentlemen:
This opinion is in response to your questions which can be summarized as follows:
 1. Section 105.454(5), RSMo Supp. 1992, prohibits certain former state officials or employees from attempting to influence the decisions of certain state agencies. Does this restriction prohibit a former employee from influencing decisions of all state agencies or just those agencies over which he had supervisory power?
 2. Are all meetings of boards and commissions in which public records are made encompassed within the definition of "adversary proceeding" provided by Section 105.450(1), RSMo Supp. 1992?
Section 105.454(5), RSMo 1986, provided:
 105.454. Additional prohibited acts by certain elected and appointed public officials and employees, exceptions. — No elected or appointed official or employee of the state or any political subdivision thereof, serving in an executive or administrative capacity, shall:
* * *
 (5) Perform any service for consideration, during one year after termination of his office or employment, by which performance he attempts to influence a decision of any agency of the state or political subdivision in which he was an officer or employee or over which he had supervisory power, except that this provision shall not be construed to prohibit any person from performing such service and receiving compensation therefor, in any adversary proceeding or in the preparation or filing of any public document;
* * *
In 1991, this subsection was amended by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 262, 86th General Assembly, First Regular Session (hereinafter "Senate Bill No. 262") to provide:
 (5) Perform any service for consideration, during one year after termination of his office or employment, by which performance he attempts to influence a decision of any agency of the state, or a decision of any political subdivision in which he was an officer or employee or over which he had supervisory power, except that this provision shall not be construed to prohibit any person from performing such service and receiving compensation therefor, in any adversary proceeding or in the preparation or filing of any public document [;] or to prohibit an employee of the executive department from being employed by any other department, division or agency of the executive branch of state government. For purposes of this subdivision, within ninety days after assuming office, the governor shall by executive order designate those members of his staff who have supervisory authority over each department, division or agency of state government for purposes of application of this subdivision. The executive order shall be amended within ninety days of any change in the supervisory assignments of the governor's staff. The governor shall designate not less than three staff members pursuant to this subdivision;
* * *
The additions to such section by Senate Bill No. 262 are highlighted by underlining.
Your first question raises the issue of whether the phrase "over which he had supervisory power" applies only to "any political subdivision" or also applies to "any agency of the state." The 1991 amendment whereby a comma was added after the word "state" and the words "a decision of any" were added before the words "political subdivision" indicates that the phrase "over which he had supervisory power" applies only to "any political subdivision." A change in a statute is intended to have some effect, and the legislature will not be charged with having done a meaningless act. State v. Swoboda, 658 S.W.2d 24,26 (Mo. banc 1983). What the legislature intended is to be concluded from the language which it used. Id. The changes described above reflect the apparent legislative intent to apply the phrases "in which he was an officer or employee or over which he had supervisory power" only to "any political subdivision" and make clear that such phrases do not apply to "any agency of the state."
This apparent legislative intent is further supported by the addition of a comma following the word "state." The general rule is that when a conjunction connects two coordinate clauses or phrases, a comma should precede the conjunction if it is intended to prevent following qualifying phrases from modifying the clause which precedes the conjunction. Application ofGraham, 199 S.W.2d 68, 74 (Mo.App. 1946); Missourians toProtect the Initiative Process v. Blunt, 799 S.W.2d 824, 829
(Mo. banc 1990). The addition of the comma following the word "state" further indicates the qualifying phrases "in which he was an officer or employee or over which he had supervisory power" are not intended to modify the words "any agency of the state."
However, Senate Bill No. 262 also added to subsection 5: "For purposes of this subdivision, within ninety days after assuming office, the governor shall by executive order designate those members of his staff who have supervisory authority over each department, division or agency of state government for purposes of application of this subdivision. . . ." As stated previously, a change in a statute is intended to have some effect, and the legislature will not be charged with having done a meaningless act. State v. Swoboda, supra. This addition to subsection 5 indicates the legislature apparently considered the phrase "over which he had supervisory power" as applying to the state or such designation by the Governor would be meaningless. The addition is inconsistent with the addition of the comma after the word "state" and the addition of the words "a decision of any" before the words "political subdivision" as discussed previously.
In resolving the two apparently inconsistent amendments to subsection 5 by Senate Bill No. 262, we conclude the phrase "over which he had supervisory power" only modifies "any political subdivision" and does not modify "any agency of the state." Such conclusion is consistent with the plain meaning of that sentence and reflects the apparent legislative intent of the 1991 amendment to that sentence. To reach a contrary conclusion would require disregarding the 1991 amendment to that sentence. Therefore, an elected or appointed official or employee of the state serving in an executive or administrative capacity may not perform any service for consideration, during one year after termination of his office or employment, by which performance he attempts to influence a decision of any agency of the state, except as provided in Section 105.454(5).
Your second question asks if all meetings of boards and commissions in which public records are made are encompassed within the definition of "adversary proceeding" provided by Section 105.450(1), RSMo Supp. 1992. Section 105.454(5) makes an exception for participation in any adversary proceeding. Section 105.450(1) defines "adversary proceeding" as follows:
 105.450. Definitions. — As used in sections 105.450 to 105.498 and sections 105.955 to 105.963, unless the context clearly requires otherwise, the following terms mean:
 (1) "Adversary proceeding", any proceeding in which a record of the proceedings may be kept and maintained as a public record at the request of either party by a court reporter, notary public or other person authorized to keep such record by law or by any rule or regulation of the agency conducting the hearing; or from which an appeal may be taken directly or indirectly, or any proceeding from the decision of which any party must be granted, on request, a hearing de novo; or any arbitration proceeding; or a proceeding of a personnel review board of a political subdivision; or an investigative proceeding initiated by an official, department, division, or agency which pertains to matters which, depending on the conclusion of the investigation, could lead to a judicial or administrative proceeding being initiated against the party by the official, department, division or agency; [Emphasis added.]
Use of the term "either party" in the definition of "adversary proceeding" implies at least two (2) persons who are concerned or who have adverse interests with respect to the outcome of the proceeding. Furthermore, the term being defined is "adversary proceeding" which ordinarily implies a proceeding which has opposing parties. See Black's Law Dictionary, Sixth Edition (1990). All of the other enumerated instances cited in the definition involve situations where one or more parties seeks particular relief and in which another party opposes the particular relief sought. Words and phrases of a statute should be read within the context in which they are used. City ofWillow Springs v. Missouri State Librarian, 596 S.W.2d 441, 445
(Mo. banc 1980). Therefore, we conclude that not all meetings of boards and commissions in which a record of the proceedings may be kept and maintained as a public record is an "adversary proceeding" as defined in Section 105.450(1).
CONCLUSION
It is the opinion of this office that 1) pursuant to Section 105.454(5), RSMo Supp. 1992, an elected or appointed official or employee of the state serving in an executive or administrative capacity may not perform any service for consideration, during one year after termination of his office or employment, by which performance he attempts to influence a decision of any agency of the state, except as provided in such section, and 2) not all meetings of boards and commissions in which a record of the proceedings may be kept and maintained as a public record is an "adversary proceeding" as defined in Section 105.450(1), RSMo Supp. 1992.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General